IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHEILA F. FINNEY,<br><br>     Plaintiff<br><br>    VS.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant | NO. 5:08-CV-25 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## O R D E R

   This is a review of a final decision of the Commissioner of Social Security denying plaintiff Sheila F. Finney's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

### PROCEDURAL HISTORY

   Plaintiff Finney filed her application for a period of disability and disability insurance benefits on August 2, 2004. Therein, she alleged disability arising from cervical fusions, fibromyalgia, muscle spasms, and depression. The application was denied by a Social Security Determination dated December 22, 2004. A subsequent request for reconsideration was denied on June 9, 2005. Thereafter, on July 7, 2005, plaintiff filed a Request for Hearing by Administrative Law Judge. The matter came on for hearing on July 18, 2006, at which time plaintiff Finney presented both testimonial and documentary evidence concerning her disabilities. On November 20, 2006, the Administrative Law Judge (ALJ) denied her claim. Plaintiff next filed a Request for Review of Hearing Decision on January 12, 2007. The Appeals Council denied plaintiff's request for review in an order dated December 10, 2007. On February 1, 2008, plaintiff filed the instant action. Tab #1.

In response, the Commissioner filed an Answer (Tab #8), the administrative record (Tab #10), and a memorandum in support of his Answer (Tab #12). In addition to her Complaint, the plaintiff also filed a supporting brief. Tab #11. This matter is now ripe for review.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

A claimant asserting entitlement to benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

**ADMINISTRATIVE PROCEEDINGS**

At the time of the ALJ's decision, plaintiff Finney was forty-eight (48) years old. She had a high school education and more than twenty-five continuous years of prior work experience as a correctional officer. As noted above, she alleges disability arising from cervical fusions, fibromyalgia, muscle spasms, and depression. After the hearing, and in his written decision, the ALJ began by noting that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2010. The ALJ then proceeded to employ the five step evaluation process set forth above.

At step one, the ALJ observed that the plaintiff had not been engaged in substantial gainful activity since April 30, 2004. At step two, the ALJ decided that plaintiff Finney suffers from the severe impairments of cervical fusion at C4-5, C5-6, and C6-7 as well as fibromyalgia and muscle spasms. At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 of Part 404 of the regulations.

Accordingly, and before moving on to step four, the ALJ evaluated the plaintiff's residual functional capacity (RFC). In concluding that the plaintiff had the RFC to perform light work, the ALJ specifically noted that the plaintiff has:

> *no limitations standing, walking or sitting. She can lift and carry a maximum of 10 pounds. She can frequently, not constantly, push/pull with her upper extremities. There can be no overhead work. The claimant should not work on ladders, ropes, scaffolds, or at unprotected heights.*

In view of these limitations, the ALJ resolved that plaintiff Finney would be unable to perform any of her past relevant work. As such, and at step five, the ALJ then considered whether other suitable work was available to the plaintiff. Given the plaintiff's RFC, age, education, and past work experience, and in reliance upon the testimony of a Vocational Expert, the ALJ found that jobs exist in the national economy that the plaintiff could perform. Therefore, the ALJ concluded that plaintiff Finney was not disabled.

## DISCUSSION OF THE PLAINTIFF'S CLAIMS

In her brief in support of her complaint, plaintiff Finney enumerates two issues: first, she asserts that the ALJ failed to fully and fairly develop the record; second, she questions the propriety of the ALJ's evaluation of her testimony about the intensity, persistence, and limiting effects of her symptoms. Following her discussion of these arguments, she concluded that the ALJ's ultimate disability determination was erroneous. As such, she avers that she is entitled to remand and/or reversal.

In addressing the issue of the ALJ's credibility evaluation, plaintiff focuses on the fact that the ALJ did not have the benefit of certain pertinent medical records first submitted to the Appeals Council. While her rationale for challenging the ALJ's credibility analysis on the basis of his failure to consider evidence which did not exist and/or was simply not available to him at the time of the decision is not entirely clear, the argument raises an important third issue. This issue involves the propriety of the Appeals Council's, and ultimately the Commissioner's, decision not to review the case in light of this new evidence.

Where, as here, a plaintiff submits new evidence to the Appeals Council and then argues that the Appeals Council erred in denying review, the court "must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1258 (11th Cir. 2007). Having completed this review, along with a review of the record as a whole and the arguments of the parties, the undersigned concludes that the Commissioner's decision is in error.

Consequently, and pursuant to Sentence Four of 42 U.S.C. 405(g), this matter is **REVERSED** and **REMANDED** for further proceedings in accordance with the above decision. The Clerk of Court is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND DIRECTED,** this 31st day of March, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE